NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 14 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| THERESA ANNETTE TORRICELLAS, | No. 23-55640 |
| Plaintiff-Appellant, | |
| v. | D.C. No. 3:22-cv-01670-MMA-KSC |
| J. CORE, Warden; ROB BONTA, Attorney General, State of California, | MEMORANDUM* |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Michael M. Anello, District Judge, Presiding

Argued and Submitted June 22, 2026
Pasadena, California

Before:  WARDLAW, OWENS, and DE ALBA, Circuit Judges.

Petitioner Theresa Torricellas appeals from the district court's denial of her habeas petition.  When denying Torricellas's petition, the district court also issued a certificate of appealability regarding "whether a claim based upon an alleged error in the prima facie determination of resentencing under [California Penal Code] § 1172.6(c) and resulting denial of an evidentiary hearing is a cognizable

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

federal habeas claim." As the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we affirm.

1. Torricellas's petition is timely. Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), the one-year statute of limitations runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). "[A] resentencing petition does not challenge the underlying conviction or sentence; rather, it seeks to obtain the benefits of [the new statutory provision] and results in the entry of a new appealable order or judgment." *Clayton v. Biter*, 868 F.3d 840, 844 (9th Cir. 2017). Thus, the adjudication of a resentencing petition "constitutes a new judgment." *Id*. The relevant judgment became final on December 14, 2021, ninety days after the California Supreme Court denied review of Torricellas's resentencing proceedings on September 15, 2021. Because Torricellas filed the present federal habeas petition on October 14, 2022, two months before AEDPA's one-year deadline expired on December 14, 2022, it is timely.

2. Even if Torricellas's claim was cognizable, any error was harmless, as it would not have had a "substantial and injurious effect or influence" on the outcome. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (quoting *Kotteakos v. United States*, 328 U.S. 750, 776 (1946)). California still permits murder liability

2

for the actual killer, a direct aider and abettor who acted with the intent to kill, and a major participant in an underlying felony who acted with reckless indifference to human life. *See, e.g.*, *People v. Strong*, 514 P.3d 265, 274 (Cal. 2022) (noting that relief under the legislative change "is unavailable if the defendant was either the actual killer, acted with the intent to kill, or was a major participant in the underlying felony and acted with reckless indifference to human life . . . ") (citations omitted). Torricellas admitted in her plea colloquy that she knew that her codefendant intended to kill the victim. She accompanied the victim and codefendant to a remote location that she had selected, held the shotgun in the vehicle before handing it to the codefendant, and acted as a lookout. Indeed, she had asked her co-defendant whether she should kill the victim herself. Based on these admissions, the California Court of Appeal concluded that she remained liable for murder and is statutorily ineligible for relief under California Penal Code § 1172.6(c), finding that she directly aided and abetted the killing. We owe AEDPA deference to the state court's factual and legal conclusions, which are not unreasonable. *See Harrington v. Richter*, 562 U.S. 86, 100–01 (2011). Torricellas ultimately remains ineligible for resentencing relief.

Thus, we need not reach the question of whether Torricellas's claim that she was unconstitutionally denied an evidentiary hearing under California Penal Code § 1172.6(c) is cognizable on federal habeas review.

**AFFIRMED.**